Shaw, C. J.
At the trial of this indictment, in the court below, the commonwealth’s attorney, in connection with other evidence for the prosecution, produced a piece of the side of the building, alleged to have been burned, which had been taken from its place and brought into court; and which was offered as exhibiting the whole of the part burnt. The presiding judge ruled, that it was a question of fact for the jury to decide, whether the building was actually burnt; and accompanied his ruing with definitions of combustion or actual burning, which were singularly accurate and precise.
The exception taken by the defendant is, that the judge was incorrect, in leaving it to the jury to decide, as a question of fact, whether any part of the building was burnt; and that he should, as he was asked to do, instruct the jury, that there was not a sufficient burning, in a legal sense, to warrant the defendant’s conviction.
It is difficult to perceive the ground of this exception. That the piece of wood alleged to be burnt, was capable of being brought into court in order to be inspected by the court and *430 jury, does not make the question, whether it was burnt or not, the less a question of fact. The judge can instruct the jury what actual burning is, as was done, in the present case. But whether the fire took effect on the fibre of the wood, must depend on an inference of fact to be drawn from its condition, as indicated by its being discolored, blackened, scorched, charred, or consumed. The inference may be perfectly obvious to the eye both of judge and juror, but the question is, who shall draw it.
Suppose the question to be, whether a bank note produced in evidence is counterfeit or not. The judge may inspect and examine it, and comment on the evidence ; but the jury must decide. In a case where the question was on the performance of a contract to manufacture shingles, a quantity of pieces of wood was brought into court; and the judge was so clearly of opinion, from inspection, that they were chip» and not shingles, that he declined to submit the question to the jury. This court, on a revision of the case, were of opinion, that it was a question of fact for the jury, and set the verdict aside. Morton v. Fairbanks, 11 Pick. 368. It was not the duty, nor was it within the province, of the judge, to direct upon inspection, that the wood had or had not been burnt.
A motion is now made in this court for a new trial on several grounds: 1st, That there was no burning proved ; 2d, That the verdict was against law and evidence. The first ground has been already settled, and properly settled, by the jury, who were the proper tribunal, and have passed upon it. The second ground is not open to the defendant in this court, in any other manner than as it is presented by the bill of exceptions.
A third ground is, that the defendant had not a perfect copy of the indictment; because in the copy furnished him, the official designation of the office of foreman was not added to his signature. A new trial will only be granted, to remedy some error or mistake injurious to the rights of the defendant. If the defendant had any doubts as to the correctness of his copy, and had made his objection earlier, it might have been easily remedied by the clerk. He has waived it by pleading *431 in chief, and going to trial without objection to this wholly immaterial omission.

Exceptions and motion for a new trial overruled.